IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIDGETTE ALLEN<br><br>    Plaintiff,<br><br>       v.<br><br>SAFER FOUNDATION<br><br>    Defendant. | File No.: 16-CV-08086 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**SAFER FOUNDATION'S MOTION TO DISMISS**

Defendant, SAFER FOUNDATION, by and through its attorneys, Schueler, Dallavo & Casieri, and pursuant to Federal Rule of Civil Procedure 12(b)(6), submits the following Memorandum of Law in Support of its Motion to Dismiss:

PROCEDURAL AND FACTUAL BACKGROUND

On September 22, 2016, Plaintiff filed an Amended Complaint against Safer Foundation. (Amended Complaint, attached as Exhibit A.) In her Amended Complaint, Plaintiff alleges that Safer Foundation referred her for a job with Pivotal Staffing and that she worked for Pivotal Staffing cleaning out vacant lots. (Id. at 4.) She alleges that "by it being so hot I had to keep drinking water" because medicine she takes for bipolar disorder "keeps me dry." (Id.) She alleges that she told her supervisor that she had to go to the bathroom, but a gas station attendant would not let her use the gas station bathroom and she could not use a bathroom at her grandson's house because he was not home. (Id. at 4-5.) She further alleges that on some unspecified date she quit her job after another supervisor told her she could not get additional hours if she goes "every 5 minutes back and fourth [sic] to the bathroom." (Id. at 5.) The Amended Complaint does not allege that Plaintiff had an employment relationship with Safer Foundation. (Id.)

ARGUMENT

Federal Rule 12(b)(6) provides that dismissal is proper where a complaint fails to state a claim on which relief can be granted. Fed.R.Civ.P. 12(b)(6). A complaint must provide sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive a Rule 12(b)(6) motion, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009), *citing Bell Atlantic Corp.*, 550 U.S. at 555. Although the court must view the facts in the light most favorable to the nonmoving party, it is not required to accept legal conclusions, or bare recitals of the elements of a cause of action. *Brooks*, 578 F.3d at 581, *citing Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (to survive a motion to dismiss, a complaint must contain "more that an unadorned, the defendant-unlawfully-harmed me accusation"). While *pro se* complaints may be construed more liberally than those drafted by lawyers, even a *pro se* complaint must meet the minimum pleading requirements. *See Srivastava v. Daniels*, 409 Fed. Appx. 953, 954-55 (7th Cir. 2011).

In this case, Plaintiff's Amended Complaint should be dismissed because she has failed to state a plausible claim for relief. Although Plaintiff checked the box indicating that her Amended Complaint is under the Civil Rights Act, Title 42 Section 1983, it appears that she is actually attempting to state a claim under Title I of the American's With Disability Act ("ADA"). To the extent that Plaintiff may be attempting to state a claim under Section 1983, she has failed to allege sufficient facts to support such a claim and her Amended Complaint should be dismissed.

To the extent that Plaintiff is attempting to state a claim under the ADA, she has likewise failed to state a plausible claim for relief. The ADA prohibits *an employer* from discriminating against an employee because of a disability. In order to state a claim under Title I of the ADA, a

plaintiff must allege an employment relationship between the parties. *See Nardi v. North East Multi-Regional Training Inc.*, 2016 WL 418918 *(N.D. Ill. 2016) (Slip Copy) (Attached as Exhibit B). In the absence of allegations to establish an employment relationship between Plaintiff and Safer Foundation, the Amended Complaint should be dismissed.

Moreover, Plaintiff has failed to sufficiently allege a claim for discrimination under the ADA. In order to state a failure-to-accommodate claim under the ADA, Plaintiff must adequately allege: (1) that she is a qualified individual with a disability; (2) that the employer was aware of her disability; and (3) that the employer failed to make a reasonable accommodation for that disability. *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 224 (7th Cir. 2015). In this case, Plaintiff has not alleged any facts to establish that she has a disability within the meaning of the ADA in that she has not identified how any physical or mental impairment from which she may suffer substantially limits one or more major life activities. *See Williams v. Chicago Transit Authority*, 2001 WL 855421, *2 (N.D. Ill. July, 27, 2001) (Attached as Exhibit C). Plaintiff has also failed to make any allegations regarding how she was otherwise qualified to perform the essential functions of her job with or without a reasonable accommodation. *See Lee v. Chicago Transit Authority*, 2016 WL 6680483, *4 (N.D. Ill. Nov. 14, 2016) (Attached as Exhibit D). Likewise, Plaintiff has not alleged that Safer Foundation was aware of any alleged disability. *See Beck v. University of Wisconsin Board of Regents*, 75 F.3d 1130, 1134 (7th Cir. 1996). Furthermore, she has not identified any reasonable accommodation that Safer Foundation failed to provide. *See id.* at 1137. Under these circumstances, Plaintiff has failed to state a claim for disability discrimination and her Amended Complaint should be dismissed.

WHEREFORE, Defendant, SAFER FOUNDATION, requests, pursuant to Federal Rule of Civil Procedure 12(b)(6), that this Court dismiss Plaintiff's Amended Complaint.

          Respectfully submitted,

          _/s/ Christopher T. Buckley_____
          Christopher T. Buckley

Christopher T. Buckley
Schueler, Dallavo & Casieri
233 S. Wacker Dr., Suite 6150
Chicago, Illinois 60606
(312) 831-1090
cbuckley@sdc-atty.com